1  LAWRENCE J. HILTON (STATE BAR NO. 156524)
       (e-mail lhilton@oneil-llp.com)
2  JENNIFER SUN (STATE BAR NO. 238942)
   O'NEIL LLP
3  19900 MacArthur Boulevard
   Suite 1050
4  Irvine, California 92612
   Telephone: (949) 798-0500
5  Facsimile: (949) 798-0511

6  Attorneys for Plaintiff
   AJZN, INC., f/k/a AERIELLE, INC.

7

**FILED**

JUN 2 8 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  AJZN, INC. f/k/a AERIELLE, INC., a      Case No. **CV 12 3348**
    California corporation,
11                                          **COMPLAINT FOR:**
                  Plaintiff,
12                                          **(1) VIOLATION OF THE**
         v.                                 **SECURITIES EXCHANGE**
13                                          **ACT OF 1934 AND RULE 10b-**
    DONALD YU; an individual;               **5;**
14  AERIELLE, LLC, a Delaware limited       **(2) VIOLATIONS OF CAL. CORP.**
    liability company; GREAT                **CODE §§ 25401 AND 25501;**
15  AMERICAN LIFE INSURANCE                 **(3) PROMISSORY FRAUD;**
    COMPANY, an Ohio corporation;           **(4) RESCISSION (FRAUDULENT**
16  AERIELLE TECHNOLOGIES, INC.; a          **INDUCEMENT AND FAILURE**
    California corporation; AERIELLE        **OF CONSIDERATION);**
17  ACQUISITIONS CORPORATION; a             **(5) BREACH OF FIDUCIARY**
    Delaware corporation; AERIELLE IP       **DUTY;**
18  HOLDINGS, LLC, an Ohio limited          **(6) FRAUDULENT TRANSFER;**
    liability company; and DOES 1 through   **(7) VIOLATION OF CAL. BUS. &**
19  10, inclusive,                          **PROF. CODE § 17200; AND**
                                            **(8) SUCCESSOR LIABILITY**
20                Defendants.
                                            **DEMAND FOR JURY TRIAL**
21

22

23       For its claims against Defendants DONALD YU; AERIELLE, LLC; GREAT

24  AMERICAN LIFE INSURANCE CORPORATION; AERIELLE

25  TECHNOLOGIES, INC.; AERIELLE ACQUISITIONS CORPORATION;

26  AERIELLE IP HOLDINGS, LLC; and DOES 1 through 10, inclusive (sometimes

27  collectively referred to as "Defendants"), Plaintiff AJZN, INC. f/k/a AERIELLE,

28  INC., alleges as follows:

#116572 v1

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. section 1331 and 15 U.S.C. sections 77(b) and 78aa.  Venue is proper in this District under 28 U.S.C. section 1391(b) in that one or more of the Defendants resides in this District and that a substantial part of the events giving rise to the claims asserted herein took place within this District.

## THE PARTIES

2.     Plaintiff AJZN, INC., formerly known as AERIELLE, INC. ("Plaintiff"), is a corporation organized and existing under the laws of the State of California having its principal place of business in the County of Santa Clara, State of California.

3.     Plaintiff is informed and believes and, on that basis, alleges that Defendant DONALD YU is an individual residing in the County of Santa Clara, State of California.

4.     Plaintiff is informed and believes and, on that basis, alleges that Defendant AERIELLE, LLC is a limited liability company organized under the laws of the State of Delaware, having its principal place of business in the County of Santa Clara, State of California.  Plaintiff is informed and believes and, on that basis, alleges that at all times relevant to the allegations herein, Defendant GREAT AMERICAN LIFE INSURANCE COMPANY was the sole member of AERIELLE, LLC.

5.     Plaintiff is informed and believes and, on that basis, alleges that Defendant GREAT AMERICAN LIFE INSURANCE COMPANY ("GALIC") is a corporation organized and existing under the laws of the State of Ohio, having its principal place of business in the State of Ohio.

6.     Plaintiff is informed and believes and, on that basis, alleges that Defendant AERIELLE TECHNOLOGIES, INC. ("ATI"), was formed in or around September, 2007, and was and is at all times thereafter a corporation organized and

existing under the laws of the State of California having its principal place of business in the County of Santa Clara, State of California.

7. Plaintiff is informed and believes and, on that basis, alleges that Defendant AERIELLE ACQUISITION CORPORATION ("AAC") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in the in the County of Santa Clara, State of California. Plaintiff is informed and believes and, on that basis, alleges that AAC was formed by Defendant YU and was at all times relevant to the allegations herein controlled by YU.

8. Plaintiff is informed and believes and, on that basis, alleges that Defendant AERIELLE IP HOLDINGS, LLC ("AIPH") is a limited liability company organized and existing under the laws of the State of Ohio. Plaintiff is informed and believes and, on that basis, alleges that at all times relevant to the allegations herein, Defendant GREAT AMERICAN LIFE INSURANCE COMPANY was the sole and/or controlling member of AIPH.

9. Plaintiff is unaware of the true names and capacities, whether individual, associate, corporate, or otherwise, of Defendants Does 1 through 10, inclusive, or any of them, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of this Court to amend this Complaint when the same are ascertained.

10. Plaintiff is informed and believes and, on that basis, alleges that unless otherwise specified each of the Defendants, at all times herein mentioned, was the agent, servant, trustee, principal, employee, and/or joint venturer of the other remaining Defendants, that the acts of each Defendant were within the course and scope of their agency, service, and employment and with the permission and consent of each other Defendant, and that each Defendant has ratified the conduct of the others.

1          **FACTS COMMON TO ALL COUNTS**

2          11.    Plaintiff realleges and incorporates herein by this reference as though

3    set forth in full each and every allegation contained in Paragraphs 1 through 10,

4    inclusive.

5          12.    Plaintiff was founded in 2004 by Arthur Cohen ("Cohen"), the inventor

6    or co-inventor of approximately 78 patents and pending patent applications related

7    to wireless audio technology and related to internet radio technology (the "Patents").

8    Plaintiff also was the owner of the Patents and other valuable intellectual property,

9    including approximately 30 trademarks and one copyright (collectively, the

10   "Intellectual Property").  From 2007 through April 10, 2009, Plaintiff was the sole

11   shareholder of ATI.   In 2007, Plaintiff assigned substantially all of the Intellectual

12   Property to its wholly-owned subsidiary, ATI, which continued to own substantially

13   all of the Intellectual Property as of April 10, 2009.

14         13.    On September 17, 2007, Plaintiff and GALIC entered into a Senior

15   Secured Note Purchase Agreement pursuant to which Plaintiff incurred debt

16   obligations to GALIC (the "GALIC Debt") and GALIC acquired a security interest

17   in substantially all of Plaintiff's assets (the "Assets").

18         14.    In February, 2009 GALIC introduced Plaintiff to Defendant YU, and

19   demanded that Plaintiff appoint YU as Chief Executive Officer.  Plaintiff complied

20   with GALIC's demand, and YU became Plaintiff's CEO in February, 2009.

21         15.    Plaintiff is informed and believes and, on that basis, alleges that

22   Defendant AERIELLE, LLC was formed in or around February of 2009.  From the

23   date of its formation and at all relevant times, Defendant YU was and is the Chief

24   Executive Officer of AERIELLE, LLC.

25         16.    On April 10, 2009, Plaintiff entered into an Asset Purchase Agreement

26   with Defendant AERIELLE, LLC whereby Plaintiff sold substantially all of its

27   Assets and its 100% stock holdings in ATI to AERIELLE, LLC in exchange for the

28   assumption of certain debt and a warrant (the "Warrant"), which gave Plaintiff the

1    option to acquire up to 12,000 membership units (the "Units") of AERIELLE, LLC.

2    The purpose of the Warrant was to compensate Plaintiff for the significant equity

3    value of the Assets, which were worth substantially more than the amount of the

4    debts assumed by AERIELLE, LLC.  Plaintiff was given the right to designate a

5    representative ("Board Observer") to attend and observe at AERIELLE, LLC's

6    Board of Managers meetings.  Plaintiff designated Cohen as its Board Observer.

7         17.    Concurrently with, and as part of the Asset purchase transaction,

8    Plaintiff entered into several other agreements with Defendants, including a

9    Confidential Mutual Release and Settlement Agreement (the "Release").

10        18.    Unbeknownst to Plaintiff, Defendants knew at the time of the April 10,

11   2009 transactions that Plaintiff would never receive any value through the Warrant,

12   because Defendants had no intention of allowing Plaintiff to exercise its rights under

13   the Warrant.  Rather, Defendants offered the illusory Warrant to Plaintiff in order to

14   induce Plaintiff to transfer the substantial equity value of the Assets to AERIELLE,

15   LLC, which they owned and controlled.

16        19.    Defendants further intended to, and did, engage in conduct that

17   diminished the value of AERIELLE, LLC, including looting the company by paying

18   personal expenses with company funds, paying family members exorbitant salaries,

19   and entering into transactions that benefited affiliated entities at the expense of

20   AERIELLE, LLC, for the purpose of orchestrating sham foreclosures and transfers

21   of the Assets and to other entities they owned and controlled, thereby stripping off

22   any interests Plaintiff had in the equity value of the Assets and entities owning the

23   Assets.

24        20.    The first indication Plaintiff had of Defendants' true intentions was in

25   May, 2010, when Plaintiff decided to exercise its rights under the Warrant.  On May

26   18, 2010, Cohen attended an AERIELLE, LLC Board of Managers meeting, and

27   informed AERIELLE, LLC that Plaintiff wanted to exercise its rights under the

28   Warrant.  AERIELLE, LLC's attorney informed Cohen that he would forward to

1  Cohen the paperwork necessary to complete Plaintiff's exercise of its rights under
2  the Warrant.

3      21.   On June 21, 2010, Cohen followed up with a written request to
4  AERIELLE, LLC's attorney for the necessary paperwork to exercise Plaintiff's
5  rights under the Warrant (including the original Warrant, which Plaintiff is informed
6  and believes was and is in the possession of AERIELLE, LLC), and asked for
7  instructions on where to tender the payment for the 12,000 Units.  AERIELLE, LLC
8  never responded to Cohen's requests, either through its attorneys or otherwise.

9      22.   Plaintiff made several additional attempts in the Summer and Fall of
10  2010 to preserve the value of its interest in AERIELLE, LLC, including efforts to
11  bring in additional investors to re-purchase the stock shares of ATI.  Plaintiff did, in
12  fact, approach Defendants with a proposal to re-purchase the stock of ATI (which
13  owned the Intellectual Property) through a group of accredited investors.  While
14  Defendants initially indicated an interest in considering Plaintiff's proposal, they
15  never actually had any intention of allowing Plaintiff to reacquire the Assets or
16  Intellectual Property.  Instead, Defendants attempted to force Plaintiff into agreeing
17  to a merger of AERIELLE, LLC into ATI, which would have terminated the
18  Warrant, in exchange for an "Earnout Agreement" that would ostensibly pay
19  Plaintiff a percentage of gross revenues generated by ATI.

20      23.   In furtherance of Defendants' plan, Joe Stelzer and Tom Keitel of
21  GALIC met with Art Cohen and his wife, Jackie Cohen, in October 2010 to discuss
22  Plaintiff's interest in AERIELLE, LLC.  During the meeting, Mr. Stelzer continued
23  to attempt to persuade Plaintiff to agree to the termination of the Warrant in
24  exchange for the "Earnout Agreement."  Mr. Stelzer stated at the October, 2010
25  meeting that the Warrant was "worthless," a statement that Plaintiff is informed and
26  believes and, on that basis, alleges was false.

27
28

24.   Plaintiff did not believe the "Earnout Agreement" had any value, and indicated to Defendants that it would not agree to the proposed merger and would not accept the "Earnout Agreement."

25.   Plaintiff is informed and believes and, on that basis, alleges that effective December 31, 2010, AERIELLE, LLC transferred substantially all of its assets (including the Assets it acquired from Plaintiff and the stock shares of ATI) to AAC.  As part of the asset transfer, Plaintiff received essentially the same "Earnout" arrangement that Defendants had earlier proposed and that Plaintiff had rejected.

26.   As Plaintiff expected, the "Earnout" proved to be worthless, as Plaintiff has received nothing from Defendants in the ensuing sixteen months.

## FIRST CAUSE OF ACTION

### (Violation of Securities Exchange Act of 1934 and Rule 10b-5
### Against Defendants YU, AERIELLE, LLC and GALIC)

27.   Plaintiff realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in Paragraphs 1 through 26, inclusive.

28.   At the time of Plaintiff's purchase of the Warrant, Defendants AERIELLE, LLC, YU and GALIC knew that AERIELLE, LLC did not intend to allow Plaintiff to exercise its rights under the Warrant and that the Warrant was therefore worthless to Plaintiff.

29.   Defendants AERIELLE, LLC, YU and GALIC concealed from Plaintiff their knowledge that the Warrant would never be honored and was therefore worthless.  The concealment was material in that a reasonable investor would have considered the facts that were the subject of the concealment to be important in deciding whether to purchase the Warrant.  Plaintiff conducted substantial due diligence in connection with the Purchase of the Warrant.  However, no amount of diligence could have uncovered Defendants AERIELLE, LLC, YU and GALIC's secret and undisclosed intention not to honor the terms of the Warrant.

30.     Defendants AERIELLE, LLC, YU and GALIC concealed from Plaintiff their knowledge that the Warrant would never be exercised with the intention, and for the purpose, of inducing Plaintiff to purchase the Warrant and transfer Plaintiff's rights to the ASSETS to AERIELLE, LLC. Plaintiff did, in fact, rely on the concealment of material facts in deciding to purchase the Warrant.

31.     As a direct and proximate result of the concealment of material facts by Defendants AERIELLE, LLC, YU and GALIC, Plaintiff suffered damages in that it transferred the ASSETS and stock shares of ATI, which had substantial equity value over and above the value of any assumed debts, to AERIELLE, LLC in exchange for a Warrant that was worthless.

32.     Plaintiff is informed and believes and, on that basis, alleges that at the time of the acts and omissions alleged herein, Defendant GALIC was the sole member of Defendant AERIELLE, LLC, and directly or indirectly controlled the acts and omissions of Defendants YU and AERIELLE, LLC as alleged herein. Defendant GALIC is therefore jointly and severally liable for such acts and omissions pursuant to 15 U.S.C. § 78t(a).

## SECOND CAUSE OF ACTION

### (Violation of California Corporations Code §§ 25401, 25501
### Against Defendants YU, AERIELLE, LLC and GALIC)

33.     Plaintiff realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in Paragraphs 1 through 32, inclusive.

34.     In performing the acts alleged in the sale of the Warrant to Plaintiff, Defendants YU, AERIELLE, LLC and GALIC violated Sections 25401 and 25501 of the California Corporations Code by offering or selling a security in this State by means of written and oral communications that included untrue statements of material fact or omitted to state material facts necessary in order to make the

1 statements made, in light of the circumstances under which they were made, not
2 misleading.

3      35.    The misrepresentations and omissions were material in that a
4 reasonable investor would have considered the facts that were the subject of the
5 misrepresentations to be important in deciding whether to acquire the Warrant.

6      36.    The misrepresentations were false, and were made by Defendants YU,
7 AERIELLE, LLC and GALIC with the intent to induce reliance on the part of
8 Plaintiff.

9      37.    Plaintiff justifiably relied on the omissions of Defendants YU,
10 AERIELLE, LLC and GALIC by consenting to the transfer of the Assets and stock
11 shares of ATI in exchange for the illusory Warrant.

12      38.    Plaintiff is informed and believes and, on that basis, alleges that at the
13 time of the Warrant transaction, GALIC was the sole member of Defendant
14 AERIELLE, LLC, and GALIC controlled Defendants YU and AERIELLE, LLC in
15 connection with the Warrant transaction.  GALIC is therefore jointly and severally
16 liable pursuant to Section 25504 of the California Corporations Code.

17      39.    Under California Corporations Code §§ 25401 and 25501, Plaintiff is
18 entitled to recover the difference in the value of the equity value of the Assets and
19 stock shares of ATI, offsetting the amount of debt, and the value of the Warrant,
20 which was worthless at the time of the sale, along with interest at the legal rate from
21 April 10, 2009 until trial.

**THIRD CAUSE OF ACTION**

**(Promissory Fraud Against Defendants YU,**

**AERIELLE, LLC and GALIC)**

25      40.    Plaintiff realleges and incorporates herein by this reference as though
26 set forth in full each and every allegation contained in Paragraphs 1 through 39,
27 inclusive.

28

41.   Defendant AERIELLE, LLC, acting under the direction of its Chief Executive Officer YU, and its controlling member GALIC, entered into the Warrant, which is an option contract, with the intention not to perform its obligations thereunder.

42.   The Warrant was given by AERIELLE, LLC with the intent to induce Plaintiff to, among other things, consent to the sale of the Assets and transfer of the shares of ATI to AERIELLE, LLC, and to induce Plaintiff into signing the Release.

43.   Plaintiff, at the time the Warrant was purchased, was ignorant of the Defendants' secret intention not to perform and despite performing substantial diligence in connection with the Asset sale transaction, Plaintiff could not, in the exercise of reasonable diligence, have discovered the Defendants' secret intention.

44.   In reliance on the terms of the Warrant and its belief that the Warrant had value, Plaintiff entered into the Asset Purchase Agreement, the Release and the related documents.  If Plaintiff had known of the actual intention of the Defendants, Plaintiff would not have taken such actions.

45.   AERIELLE, LLC refused to allow Plaintiff to exercise its rights under the Warrant.

46.   As a direct and proximate result of the fraudulent conduct of the Defendants as herein alleged, Plaintiff was induced to transfer the Assets and stock shares of ATI, which had significant value over and above the amount of the debts owed by Plaintiff, in an amount to be proved at trial.

47.   The aforementioned conduct of the Defendants was an intentional deceit, or concealment of a material fact known to the Defendants with the intention on the part of the Defendants of thereby depriving Plaintiff of property rights, legal rights and otherwise causing injury, and was despicable conduct that subjected the Plaintiff to a cruel and unjust hardship in conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

# FOURTH CAUSE OF ACTION

## (Fraud in the Inducement Against Defendants YU,

## AERIELLE, LLC and GALIC)

48.    Plaintiff realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in Paragraphs 1 through 47, inclusive.

49.    Plaintiff entered into the Release based on its belief that the Warrant had substantial value. In fact, the Warrant was worthless because Defendants YU, AERIELLE, LLC and GALIC knew at the time the Release was executed that the Warrant would never be exercised. Plaintiff would not have executed the Release had it known that the Warrant was worthless.

50.    Defendants YU, AERIELLE, LLC and GALIC had a duty to disclose to Plaintiff their knowledge that the Warrant was worthless. The Defendants' secret intent not to honor the terms of the Warrant was a fact exclusively within their knowledge, and Plaintiff could not have discovered that fact despite engaging in substantial diligence regarding the transaction. Defendants YU, AERIELLE, LLC and GALIC knew that Plaintiff was unaware of the facts regarding the value of the Warrant and that Plaintiff had no way of discovering that fact.

51.    As a result of the foregoing, Plaintiff is entitled to rescind the Release pursuant to California Civil Code section 1689.

52.    Plaintiff will suffer substantial harm and injury if the Release is not rescinded in that Plaintiff will have no remedy for the fraud perpetrated by Defendants YU, AERIELLE, LLC and GALIC through issuance of the illusory Warrant.

53.    Plaintiff intends service of the summons and complaint in this action to serve as notice of rescission of the Release, and hereby offers to restore all consideration furnished by Defendants in connection with the Release, on the

1   condition that Defendants restore to Plaintiff the consideration furnished by

2   Plaintiff, specifically the Assets and the stock shares of ATI.

### FIFTH CAUSE OF ACTION

### (Breach of Fiduciary Duty Against Defendants YU and GALIC)

5       54.    Plaintiff realleges and incorporates herein by this reference as though

6   set forth in full each and every allegation contained in Paragraphs 1 through 53,

7   inclusive.

8       55.    As alleged hereinabove, at the time Plaintiff purchased the Warrant in

9   April, 2009, Defendant YU was the Chief Executive Officer of Plaintiff.

10  Accordingly, Defendant YU owed a fiduciary duty to Plaintiff and its shareholders.

11      56.    The acts and omissions of Defendant YU as alleged above were done

12  with the intent to benefit, and had the effect of benefiting, YU and certain of his

13  family members individually at the expense of Plaintiff.  YU therefore breached his

14  fiduciary duties to Plaintiff.

15      57.    As a direct and proximate result of the breach of fiduciary duty by YU,

16  Plaintiff has been damaged in an amount in excess of $5,000,000, exclusive of

17  interest and costs, to be proven at trial.

18      58.    The actions of Defendant YU were done with oppression, fraud or

19  malice as defined in California Civil Code section 3294, such that an award of

20  punitive damages is appropriate.

### SIXTH CAUSE OF ACTION

### (Fraudulent Transfer Against Defendants YU, GALIC, ATI,

### AAC AND AIPH)

24      59.    Plaintiff realleges and incorporates herein by this reference as though

25  set forth in full each and every allegation contained in Paragraphs 1 through 58,

26  inclusive.

27      60.    As a result of the transactions alleged hereinabove, Plaintiff is, and at

28  all times since April 10, 2009, has been a creditor of AERIELLE, LLC.

61.    Plaintiff is informed and believes and, on that basis, alleges that in December, 2010, after refusing to allow Plaintiff to exercise its rights under the Warrant, AERIELLE, LLC, and its wholly-owned subsidiary, acting at the direction of their Chief Executive Officer YU and their controlling member, GALIC, transferred substantially all of their assets, including the Intellectual Property, to AAC.

62.    Plaintiff is informed and believes and, on that basis, alleges that AAC, in turn, subsequently transferred substantially all of its assets to ATI.

63.    Plaintiff is informed and believes and, on that basis, alleges that the transfer of the assets of AERIELLE, LLC and ATI to AAC and the subsequent transfer of the assets to ATI were made with the actual intent to hinder, delay or defraud Plaintiff, a creditor of AERIELLE, LLC.

64.    Plaintiff is informed and believes and, on that basis, alleges that the transfer of assets from AERIELLE, LLC to AAC and the subsequent transfer of the assets to ATI were made for less than reasonably equivalent value (or no value) to AERIELLE, LLC and AAC, respectively.

65.    Plaintiff is informed and believes and, on that basis, alleges that the transfer of assets from AERIELLE, LLC to AAC rendered AERIELLE, LLC insolvent, and that the subsequent transfer of the assets from AAC to ATI rendered AAC insolvent.

66.    As a result of the foregoing, Plaintiff is entitled to avoidance of the above-described fraudulent transfers to the fullest extent required to satisfy Plaintiff's claim against AERIELLE, LLC, as well as provisional remedies against the transferred assets.

### SEVENTH CAUSE OF ACTION

**(Violation of Cal. Bus. & Prof. Code § 17200 Against All Defendants)**

67.    Plaintiff realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in Paragraphs 1 through 66,

1   inclusive.

2       68.    The actions of Defendants as alleged herein constitute an unlawful,

3   unfair or fraudulent business practice within the meaning of California Business &

4   Professions Code section 17200.

5       69.    By reason of the acts of Defendants alleged herein, Defendants have

6   wrongfully obtained economic benefits, at the direct expense of Plaintiff and to

7   Plaintiff's detriment, in an amount Plaintiff alleges to be in excess of $5,000,000,

8   exclusive of interest and costs, to be proven at trial. Plaintiff is entitled to restitution

9   of the benefits Defendants wrongfully obtained through their unlawful, unfair or

10   fraudulent business practices as alleged hereinabove.

11       70.    By reason of the unlawful, unfair or fraudulent business practices of

12   Defendants alleged herein, Plaintiff has suffered, is suffering, and will continue to

13   suffer, irreparable damage unless Plaintiff is granted, preliminarily during the

14   pendency of this action, and thereafter permanently, an injunction preventing

15   Defendants from continuing their unlawful, unfair and/or fraudulent business

16   practices.

17                    **EIGHTH CAUSE OF ACTION**

18       **(Successor Liability Against Defendants AAC AND AIPH)**

19       71.    Plaintiff realleges and incorporates herein by this reference as though

20   set forth in full each and every allegation contained in Paragraphs 1 through 70,

21   inclusive.

22       72.    A transfer of substantially all of AERIELLE, LLC's assets was made to

23   Defendant AAC, for no adequate consideration such that little or no value was

24   received by AERIELLE, LLC to satisfy the claims of its unsecured creditors,

25   including Plaintiff.

26       73.    Plaintiff is informed and believes and, on that basis, alleges that

27   following the transfer of the assets from AERIELLE, LLC to AAC, AAC continued

28   to conduct the same business as AERIELLE, LLC, using the same assets, domain

name and websites, and using many of the same employees.  AAC further held itself out to the public as a continuation of the business conducted by AERIELLE, LLC.

74.    Plaintiff is informed and believes and, on that basis, alleges that AAC assumed only those liabilities of AERIELLE, LLC that were either owed to insiders or necessary for a continuation of the business.

75.    Plaintiff is informed and believes and, on that basis, alleges that in or around August or September, 2011, Defendants orchestrated a sham foreclosure that caused the assets to be transferred to AIPH.  Little or no value was received by AERIELLE, LLC or AAC to satisfy the claims of its unsecured creditors, including Plaintiff.

76.    Plaintiff is informed and believes and, on that basis, alleges that AIPH has continued to conduct the same business as AERIELLE, LLC and AAC, using the same assets, domain name and websites, and using many of the same employees. AIPH has further held itself out to the public as a continuation of the business conducted by AERIELLE, LLC and AAC.

77.    AIPH assumed only those liabilities of AERIELLE, LLC that were either owed to insiders or necessary for a continuation of the business.

78.    AAC and AIPH are both mere continuations of the business of AERIELLE, LLC, or are successors of AERIELLE, LLC by result of *de facto* mergers, and AAC and AIPH are therefore liable for the debts owed by AERIELLE, LLC to Plaintiff as the successors in interest to AERIELLE, LLC.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

1.    On the First and Second Causes of Action, for general damages in an amount to be proven at trial;

2.    On the Third Cause of Action, for general damages in an amount to be proven at trial and for punitive damages;

3.    On the Fourth Cause of Action, for rescission of the Release;

4.   On the Fifth Cause of Action, for general damages in an amount to be proven at trial and for punitive damages;

5.   On the Sixth Cause of Action, for (a) avoidance of the fraudulent transfers made by AERIELLE, LLC to AAC and subsequently to ATI, (b) for judgment against any transferee of a fraudulent transfer of AERIELLE, LLC's assets in an amount equal to the value of the assets transferred or the amount necessary to satisfy Plaintiff's claims against AERIELLE, LLC; (c) for imposition of a constructive trust on all assets fraudulently transferred to Defendants, directly or indirectly; and (d) for any provisional remedy necessary in order to effectuate the foregoing;

6.   On the Seventh Cause of Action, for restitution of the value of the excess consideration given in exchange for the illusory and valueless Warrant over and above the amount of the debts assumed by AERIELLE, LLC;

7.   On the Eighth Cause of Action for a judgment finding both AAC and AIPH to be successors-in-interest to AERIELLE, LLC, and therefore liable for all debts owed to Plaintiff by AERIELLE, LLC;

8.   On all causes of action, for costs of suit; and

9.   For such other and further relief as the Court deems just and proper.

DATED:  June 27, 2012

O'NEIL LLP
LAWRENCE J. HILTON
JENNIFER SUN

By: _____
         Lawrence J. Hilton

Attorneys for Plaintiff
AJZN, INC. f/k/a AERIELLE, INC.

1

## **DEMAND FOR JURY TRIAL**

2      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

3  demands a jury trial on all issues triable to a jury.

4  DATED:  June 27, 2012              O'NEIL LLP
5                                     LAWRENCE J. HILTON
                                      JENNIFER SUN
6
7                                     By: _____
8                                           Lawrence J. Hilton

9                                     Attorneys for Plaintiff
                                      AJZN, INC. f/k/a AERIELLE, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28